UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENGI NARADA MERRITT,

    Petitioner,

v.                                           Case No.:  2:25-cv-278-SPC-KCD

SHANE BAKER, Warden of DeSoto
Correctional Institution,

    Respondent.
_____/

## ORDER

    Before the Court is Petitioner Kengi Narada Merritt's Emergency Petition for a Writ of Habeas Corpus (Doc. 1).  Merritt is a prisoner of the Florida Department of Corrections.  He seeks immediate release based on an entirely conclusory claim that he was denied due process of law under the Fourteenth Amendment.

    Merritt's petition is facially deficient because it does not state any facts to support his single ground for relief, as required by Section 2254 Rule 2(c).  Even if the petition did properly state a valid ground for relief, the Court would dismiss it as successive.  Merritt has filed several prior petitions for federal habeas relief.  The first—Southern District of Florida Case No. 16-cv-80803-DMM—was denied on the merits.  "Congress proscribes that a state prisoner only has one opportunity for federal habeas review; a second petition will be

denied as successive." *Faison v. Sec'y, Fla. Dep't of Corr.*, 806 F. App'x 938, 938-39 (11th Cir. 2020). Before bringing a successive petition, a prisoner must obtain authorization from the court of appeals. Otherwise, the district court lacks jurisdiction.

Accordingly, Merritt's petition is **DENIED** as successive. The Clerk is **DIRECTED** to terminate any deadlines, enter judgment, and close this case. If the Eleventh Circuit authorizes a successive habeas petition, Merritt must file it in the West Palm Beach Division of the Southern District of Florida, because that court serves the county where he was convicted.

### DENIAL OF CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–

36 (2003) (citations omitted).  Merritt has not made the requisite showing here and may not have a certificate of appealability on his petition.

**DONE** and **ORDERED** in Fort Myers, Florida on April 9, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record